United States District Court
Southern District of Texas
**ENTERED**
July 07, 2020
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| GREGORY WADE BROOKS II, (SPN #02753347) Plaintiff, | § § § § § | CIVIL ACTION NO. 4:20-cv-0387 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| HARRIS CENTERS JAIL DIVERSION PROGRAM, *et al.*, Defendants. | § § § § | |

## MEMORANDUM ON DISMISSAL

The complaint filed by Plaintiff Gregory Wade Brooks II is dismissed as barred by the three-strikes provision of 28 USC § 1915(g). Dkt 1. His motions to proceed *in forma pauperis* are denied. Dkts 2, 6.

Brooks proceeds *pro se* and seeks *in forma pauperis* status. He is an inmate of the Harris County Jail and has sued the Harris County Jail Diversion Program and the HCJ. He alleges that Defendants violated his civil rights by discriminating against him because of his prior misdemeanor sex offenses.

Brooks asserts that HCJ placed him in the Harris County Jail Diversion Program in September 2019, and that it did so even knowing that he had ten misdemeanor convictions for indecent exposure. But he was then charged on December 11, 2019 with the felony offense of failure to register as a sex offender. HCJ removed him from the diversion program on December 27, 2019 due to this felony charge and transferred him to the general population.

Brooks previously filed a related civil rights complaint on January 6, 2020. *Brooks v Jail Diversion Program*, No 4:20-CV-0070

(SD Tex). Judge Alfred Bennett dismissed that complaint as barred by the three-strikes provision of 28 USC § 1915(g) on January 17, 2020. Brooks filed this suit ten days later to assert the same claims, along with an assertion that he was in imminent danger. He seeks compensatory damages of twenty dollars for each second he is confined illegally.

A threshold issue is whether Brooks can proceed here *in forma pauperis*. A prisoner is not allowed to do so if federal courts have dismissed three or more prior civil actions or appeals for frivolousness, maliciousness, or failure to state a claim upon which relief may be granted. But this bar does not apply if the prisoner is in imminent danger of serious physical injury. 28 USC § 1915(g).

Litigation records reveal that Brooks has previously brought abusive actions in federal court. Brooks filed his first federal civil rights lawsuit in the Southern District of Texas on April 18, 2018. *Brooks v Harris County Jail,* 4:18-CV-1219 (SD Tex). Records show that he has filed at least twenty-five more lawsuits in the Southern District, with the most recent being June 15, 2020. See *Brooks v Harris County Jail et el*, 4:20-CV-2112. The Southern District has previously dismissed at least three of his suits as frivolous. See *Brooks v Harris County Jail,* 4:18-CV-2076 (SD Tex) (dismissed as malicious in July 2018); *Brooks v Harris County Jail,* 4:18-CV-1408 (SD Tex) (dismissed as malicious in May 2018); *Brooks v Harris County Jail,* 4:18-CV-1219 (SD Tex) (dismissed for failure to state a claim in April 2018).

Brooks contends that he is in imminent danger of serious physical injury by other inmates, who he says have threatened and assaulted him as a result of his prior sex offenses. The Fifth Circuit holds that the plaintiff must show "imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP." *Banos v O'Guin,* 144 F3d 883, 884 (5th Cir 1998); accord *Choyce v Dominguez,* 160 F3d 1068, 1070 (5th Cir 1998). The threat of harm must be "real and proximate." *Ciarpaglini v Saini*, 352 F3d 328, 330 (7th Cir 2003) (citations omitted). Conclusory allegations are insufficient to carry that burden. *Smith v Blount,* 258 F App'x 630, 630 (5th Cir 2007) (unpublished).

The exception itself refers to "a genuine emergency" where "time is pressing." *Heimerman v Litscher*, 337 F3d 781, 782 (7th Cir 2003) (citations omitted). As such, the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed. A claim of past danger is insufficient to trigger the exception for imminent danger. *Banos*, 144 F3d at 884 (finding prisoner claims that guards conducted body-cavity searches for purposes of sexual harassment, used excessive force, and assaulted him did not allege or establish imminent danger of physical injury). The Third Circuit in *Abdul-Akbar v McKelvie* observed that Congress in passing the statute intended to include a safety valve to prevent impending harms, not those which had already occurred. 239 F3d 307, 315 (3rd Cir 2001). And so it there rejected a claim that allegations of having been sprayed with pepper spray, combined with a claim that prison officials engaged in "continuing harassment, plots to hurt or kill him, and other forms of retaliation" sufficiently alleged imminent danger. Id at 315 n 1 (citations omitted).

Brooks filed the instant complaint on January 31, 2020. Brooks filed another complaint on February 25, 2020. See *Brooks v Harris County Jail*, 4:20-CV-723 (SD Tex). He included even further detail of the alleged past assault on him than in the complaint here. As before, Judge Bennett denied his motion for leave to proceed *in forma pauperis*, holding that Brooks did not meet the imminent-danger exception. See *Brooks v Harris County Jail*, 4:20-CV-723 (SD Tex), Dkt 4.

The Court has reviewed the filings in this action. Brooks asserts that fellow inmates threatened him on January 4, 2020 and assaulted him on January 9th. Brooks complains of alleged continuing threats of harm thereafter and asserts that he fears for his safety. These allegations are conclusory and do not support a finding that he faces an actual "imminent danger of serious physical injury." To the contrary, it appears clear that he principally asserts a claim regarding events a few weeks previously. These allegations are similar to those found insufficient in *Abdul-Akbar v McKelvie*.

Brooks fails to meet the test to proceed *in forma pauperis*. See also *King v Livingston*, 212 F App'x 260 (5th Cir 2006)

(unpublished) (finding insufficient allegations of past attacks by inmates and prison officials which allegedly occurred six weeks before complaint was filed). The three-strikes provision of 28 USC § 1915(g) thus bars Brooks from proceeding *in forma pauperis*. He may still proceed in this action, but he must pay the requisite filing and other fees.

The Court DENIES the motions to proceed *in forma pauperis*. Dkts 2, 6.

The three-strikes provision of 28 USC § 1915(g) BARS the filing of the complaint in this action without payment of fees.

The complaint is DISMISSED WITHOUT PREJUDICE. It will be reinstated if Brooks pays the $400 filing fee within thirty days of the entry of this Order.

Any other pending motions are DENIED as moot.

The Clerk of Court will SEND a copy of this Order to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

SO ORDERED.

Signed on July 7, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge